UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERYL KINCAID,

        Plaintiff,

   v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

        Defendant.

CASE NO. C10-5918-RBL

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL AND
MOTION FOR SANCTIONS

THIS MATTER comes before the Court on Plaintiff's Motion to Compel (ECF No. 17) and Motion for Sanctions (ECF No. 25). These matters and all future discovery disputes have been referred to the undersigned for disposition (ECF No. 18, 26).

After reviewing the parties' submissions, this Court concludes that although defendants are not without fault, plaintiff has failed to seek resolution of these discovery issues without court intervention. Therefore, plaintiff is not entitled to relief.

The purpose of the discovery rules is to facilitate the exchange of relevant information – not to give one side or the other the right to receive sanctions. Although sanctions should

properly be awarded in egregious circumstances, it is not unusual, even expected, that parties involved in difficult and document-intensive cases will not get it right every time. As with most discovery disputes, this Court's intervention is necessitated because of actions and inactions by all parties in the dispute. It takes diligence, persistence, and patience by all parties for the discovery rules to be practically applied so that relevant information can be exchanged. In this case, there has been a noticeable lack of all three of these qualities by both parties.

A brief review of the procedural history is important.

## PROCEDURAL BACKGROUND

Plaintiff filed a complaint for damages arising out of the death of Matthew Kincaid, who was killed in an automobile accident in Wyoming (ECF No. 2-1.) Cheryl Kincaid is the personal representative of Mathew's estate. Id. Plaintiff alleges that Defendant Department of Social and Health Services violated its duty to Matthew Kincaid by placing him in the custody of Defendant James Kochis. Plaintiff also alleges that Defendant Jaimee Heath violated Matthew Kincaid's and Cheryl Kincaid's constitutional rights.

On November 29, 2010, plaintiff filed the complaint in Kitsap County Superior Court. Plaintiff served interrogatories and requests for production on defendants with the initial complaint (ECF 17, pg. 2).

On December 17, 2010, defendants filed a Notice of Removal from Kitsap County Superior Court to the Western District of Washington (ECF No. 1, 2).

After the case was assigned to the Honorable Ronald B. Leighton, who issued a Minute Order regarding discovery, which stated in the first sentence: "All discovery matters should be resolved by agreement if possible." ECF No. 6, filed December 22, 2010.

According to Assistant Attorney General Matthew T. Kuehn, representing the Department of Social and Health Services, because defendants removed the case to federal court, he needed to confer with plaintiff's counsel regarding responses to plaintiff's interrogatories and requests for production (ECF No. 33, pg. 2). Because of the strict limits on discovery in federal court, Mr. Kuehn offered plaintiff's counsel the opportunity to delay or withdraw his interrogatories and requests for production so that plaintiff could first review the initial disclosures and avoid any disagreement regarding the number of interrogatories that could be served in the future. Id. at pg. 3. Attorney Kuehn states:

> Based upon the January, 2011 discussion with plaintiff's counsel, as well as these considerations regarding pre-initial disclosure discovery, I was led to believe the parties were in agreement to withdraw plaintiff's interrogatories and RFPs.

Defendants filed their initial disclosures on March 15, 2011. (ECF Nos. 10, 11.) The parties filed a Joint Status Report on March 22, 2011. At that point, the parties did not disclose any specific discovery disputes. Rather, the parties agreed that discovery would be completed by November 30, 2011 and stated: "The attorneys agree that they will act in good faith and cooperate with all discovery issues." (ECF No. 12.)

Thereafter, for a period of almost six months the record reveals a dearth of communication regarding discovery issues between the parties. Plaintiff's counsel, John C. Andrews, states:

> Having received no discovery I contacted Mr. Kuehn by phone on September 8, 2011 to discuss the fact that I had never received the initial disclosures and still did not have the answers.

ECF No. 17, pg. 2.

The following week, defendants submitted disclosures of 11,057 of documents on five (5) CDs. Id. at pgs. 2-3. Plaintiff inquired required answers to interrogatories on September 26, 2011 (id., Attachment 1). Two weeks later, on October 10, 2011, without complying with the

"meet and confer" obligations set forth in Fed. R. Civ. P. 37(a), Plaintiff's counsel filed a motion to compel answers to discovery (ECF No. 17).

Ten days later, plaintiff filed a motion for sanctions (ECF No. 25).

According to plaintiff's reply, defendants finally produced answers to interrogatories and requests for production on October 25, 2011 (ECF No. 36, pg. 2). Plaintiff correctly points out that defendants were required to file a response to the motion to compel by Monday, October 24, 2011 (ECF No. 30, pgs. 1-2). Instead, defendants responded late – on October 27, 2011, by simply filing answers and responses and claiming that plaintiff failed to meet and confer (ECF No. 28). Plaintiff's late responses to plaintiff's requests for production included numerous objections that had never been made before (ECF No. 29, Ex. B).

In reviewing the various pleadings, the following discovery issues remain:

1. Plaintiff requests sanctions because interrogatories and requests for production were not provided until October 27, 2011.
2. Plaintiff requests sanctions for defendants' failure to produce background checks, even though plaintiff received those background checks through a public records disclosure.
3. Plaintiff asks for sanctions for defendants' failure to produce fatality reports until October of 2011.
4. Plaintiff requests sanctions and the striking of any objections because they were not provided within 30 days after propounding discovery.

(ECF No. 30). Additionally, plaintiff has requested that defendant's late response to the motion to compel be stricken (id.)

Plaintiff asks for sanctions including:

1. Prohibiting defendants from bringing any motion for summary judgment;

2. Informing the jury of defendants' failures; and

3. Attorneys fees and costs.

(ECF No. 25)

Plaintiff correctly points out that district courts have considerable discretion with regard to motions to compel and the imposition of sanctions (ECF No. 25, page 6). Among other things, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Computer Task Force, Inc. v. Brotby, 364 F.3d 1112 (9th Cir. 2004).

Plaintiff incorrectly argues, however, that plaintiff had no obligation to meet and confer with defendants regarding defendants' failure to respond to interrogatories and requests for production. Fed. R. Civ. P. 37(a) provides that a party must not move for an order to compel disclosure or discovery until and unless the party had in good faith conferred or attempted to confer with the person or party failing to make discovery or disclosure. This did not occur here.

What is clear is that the parties had a different understanding regarding their obligations to respond to discovery. Plaintiff expected responses to its interrogatories and requests for production. Defendants were under the impression that these discovery requests did not apply because they were made under the auspices of the state action and would need to be modified for purposes of the federal action. Once more, six months elapsed before the parties talked to each other about this subject. Even then, they exchanged e-mails. They did not meet and confer. When plaintiff did inquire regarding various documents, defendants responded. While defendants' responses contained errors and omissions, most of those errors and omissions have

now been clarified and the documents have been disclosed. Therefore, largely what the Court is left with is whether sanctions should be imposed for defendants' failure to provide discovery on a more timely basis.

Based on the record before this Court, it does not appear that the interests of justice would be served by imposing additional sanctions, nor has plaintiff made a sufficient showing that plaintiff's ability to prepare her case has been adversely impacted. Therefore, the motion for sanctions is hereby denied.

The Court has reviewed defendants' objections to plaintiff's requests for production of documents (ECF No. 29, Exhibit B). Again, plaintiff correctly points out that since these objections were not made within 30 days, a strict reading of the rules would require that these objections be waived (see Fed. R. Civ. P. 34(b)(2)(A)). Nevertheless, the Court may order otherwise. Id. After reviewing defendants' objections to plaintiff's requests for production, the Court agrees that the requests are overly broad and beyond the scope of Fed .R. Civ. P. 26. For instance, Request for Production No. 1 asks for:

> All records, documents, emails, or information of any kind in the possession of DSHS in any way related to Matthew Kincaid, DOB February 26, 1992.

ECF No. 33, pg. 23.

The issue in this case, according to plaintiff's complaint, is limited to whether or not the State failed in its duty to Matthew Kincaid by allowing James Kochis to remove Mathew from the State of Washington without court order (ECF No. 2-1). Plaintiff's request is not narrowly crafted and would otherwise require the disclosure of substantial information that is not within the scope of permissible discovery. Therefore, although defendants' objection is untimely, the Court will allow it.

In summary, court rules require the parties to meet and confer. Fed. R. Civ. P. 37(a)(1), (d)(1)(b). This Court previously ordered that all discovery matters should be resolved by agreement if possible (ECF No. 6). Even the parties have represented to the Court that they would "act in good faith and cooperate with all discovery issues." (ECF No. 12.) In the absence of a showing that the parties have met their obligations as set forth above, this Court is compelled to DENY Plaintiff's motion to compel and motion for sanctions.

Dated this 8th day of November, 2011.

J. Richard Creatura
United States Magistrate Judge